IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STEPHEN JERKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION  14-0600-WS-M |
| | ) |
| BALDWIN COUNTY SHERIFF, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

The complaint was filed December 30, 2014.  (Doc. 1).  The file does not reflect that the plaintiff has perfected service or even sought the issuance of summons.

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

The plaintiff's failure to perfect service within 120 days after filing the complaint exposes his action to dismissal without prejudice unless he shows "good cause" for his failure.  Good cause exists "only when some outside factor such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991).

Absent good cause, the Court may, but need not, allow additional time. *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005); *accord Lepone-Dempsey v. Carroll County Commissioners*, 476 F.3d 1277, 1281-82 (11th Cir. 2007).  In determining whether to exercise its discretion to extend the time for service despite the lack of good cause, a court considers whether the defendant is evading service, whether it is concealing defects in service, and whether the statute

of limitations will bar the re-filing of the lawsuit should it be dismissed. *Horenkamp*, 402 F.3d at 1132.  This is "not an exhaustive list" of factors a court may consider.  *Lepone-Dempsey*, 476 F.3d at 1182.

The Court, recounting the foregoing history and legal principles, ordered the plaintiff to show cause why this action should not be dismissed without prejudice under Rule 4(m).  (Doc. 3).  The plaintiff has filed nothing in response.  He has therefore failed to show good cause under Rule 4(m).  Whether to permit the plaintiff additional time to perfect service is thus committed to the Court's discretion.

Because the plaintiff has not responded to the Court's show-cause order, the Court has no evidence the defendants are evading service or concealing defects in service.  However, the Court notes that, should the plaintiff's action be dismissed, the applicable statutes of limitations may bar any attempt to file a new action.[1]  Although "the running of the statute of limitations does not require that a district court extend the time for service of process," *Horenkamp*, 402 F.3d at 1133, the Court in its discretion allows the plaintiff additional time to perfect service.  The plaintiff is given until **July 8, 2015** to perfect service and to file proof of service.  In the absence of satisfactory proof of service or a motion seeking additional time and an explanation why it is warranted, on July 8, 2015 the Court will, without further notice, dismiss this action without prejudice.

DONE and ORDERED this 4th day of June, 2015.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The plaintiff asserts claims under the Family and Medical Leave Act, Title II of the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act.  The limitations period under each of these provisions is two years.  29 U.S.C. § 2617(c)(1) (FMLA); *Horsley v. University of Alabama*, 564 Fed. Appx. 1006, 1007 (11th Cir. 2014) (ADA and Rehabilitation Act).  The complaint reflects that all discriminatory and/or retaliatory actions occurred between December 2012 and January 2013.  Thus, it appears the plaintiff's claims would be subject to a limitations defense were this action to be dismissed and the plaintiff to file a new action.